IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL LING, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:05-CV-1754-P |
| v. | § | |
| | § | |
| CITY OF GARLAND, MITCH BATES, | § | |
| GLEN L. SHAW, DEMARCUS L. | § | |
| BANDA, AND WILLIAM L. MOTT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Randall Ling's (hereinafter "Plaintiff") Motion for Leave to File

Plaintiff's Second Amended Verified Complaint, filed April 28, 2006. Defendants City of

Garland (hereinafter "City") and Mitch Bates (hereinafter "Bates") responded on April 28, 2006,

and Plaintiff replied to these responses on May 12, 2006.   Defendants William L. Mott

(hereinafter "Mott") and Demarcus Banda (hereinafter "Banda") responded on May 18, 2006,

and Plaintiff replied to them on June 1, 2006.  For the reasons stated below, Plaintiff's Motion

for Leave to File Plaintiff's Second Amended Verified Complaint is GRANTED in PART and

DENIED in PART.   The Motion is GRANTED in regards to Plaintiff's desire to remove

paragraph nine of Plaintiff's First Amended Verified Complaint; add an excessive force claim

based on the 4th Amendment to the United States Constitution; assert state law claims against

only Defendants Shaw, Mott, and Banda; and other unchallenged changes.   The Motion is

DENIED in regards to Plaintiff's claims under the Fifth and Eighth Amendments as well as his 14th Amendment claim based on excessive force.

## I. Background

This case arises out of the events surrounding Plaintiff's arrest on September 6, 2004.[1] On August 31, 2005, Plaintiff filed a complaint alleging a violation of § 1983 as well as various tort law claims. On September 21, 2005, Defendants City and Bates submitted a joint motion to dismiss for failure to state a claim. On January 18, 2006, the motion was granted in part and denied in part. Plaintiff's claims against City and Bates based on assault, battery, conspiracy, intentional infliction of emotional distress, and negligence were dismissed. (Mem. Op. Order 12.) Plaintiff filed his First Amended Verified Complaint on January 30, 2006, reasserting the § 1983 claim as well as tort claims against Defendants Shaw, Mott, and Banda. On April 28, 2006, he timely filed this opposed Motion for Leave to File Second Amended Verified Complaint, through which he seeks to add additional constitutional violations to his § 1983 claim, among other changes.

## II. Analysis

### A. Legal Standard to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be granted when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend lies within the discretion of the trial court. *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981). Unless there exists a substantial reason for

---

[1] The factual details of the case were set forth in the Court's Order of January 18, 2006, and for the sake of brevity will not be repeated here.

denying leave to amend, the district court should permit the filing of a proposed amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). In determining whether to grant leave to amend, the court may consider several factors, including delay or prejudice to the non-movant, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies, and futility of amendment. *Foman*, 371 U.S. at 182. A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Courts apply the Rule 12(b)(6) standard in determining whether a proposed amendment is futile. *Id.* The question is whether, in the light most favorable to the plaintiff with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

### B. Defendants' Challenge to Addition of Fourth Amendment Claims

Plaintiff seeks to assert an excessive force claim based on the 4th Amendment as applied to the States through the 14th Amendment. Defendant Banda argues that Plaintiff has failed to provide sufficient detail as to the 4th Amendment claim against him. The Court, however, finds that Plaintiff's Complaint satisfies the pleading standard of Federal Rule of Civil Procedure 8(a) (hereinafter "Rule 8(a)"). Under the Federal Rules, Plaintiff is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). That standard is met when the plaintiff's complaint provides fair notice of the claim and the grounds on which it rests. *Bass v. Montgomery County Sheriff's Dep't*, H-05-2740, 2005 WL 3097899, at *1 (S.D. Tex. Nov. 18, 2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)). Here, Plaintiff's

Complaint satisfies this standard.  The Complaint states that Defendant Banda participated in the use of excessive force by failing to stop Defendant Shaw's attack on him.  (Second Am. Compl. ¶ 13.)  Elsewhere, the Complaint alleges that "Defendants Mott and Banda were out of their vehicles and assisted Defendant Shaw with the arrest, however, they did nothing to stop, curtail or prevent Defendant Shaw's violent attack on Plaintiff Ling, and by their acts and/or omissions caused or contributed to cause injury to Plaintiff in violation of his civil rights."  *Id.* ¶ 17.  The Court finds that this language provides Defendant Banda adequate notice of Plaintiff's claim and the basis upon which it rests.

Defendant Banda also claims that the 4th Amendment excessive force claim is futile because it "does not allege that Defendant Banda was in a position to stop, curtail or prevent Shaw's actions."  (Banda Resp. 3.)  Defense counsel's argument ignores the passage cited above.  That language makes it clear that Plaintiff is alleging that Defendant Banda had a "realistic opportunity to prevent the harm from occuring."  *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Defendant Banda has not shown that there is a substantial reason to deny leave to add a 4th Amendment excessive force claim, and therefore the motion will be granted in regards to this claim.

### C. Defendants' Challenge to Fifth Amendment Claim

Plaintiff seeks to assert a 5th Amendment claim of deprivation of due process.  This claim is futile because Plaintiff is not suing federal actors.  The 5th Amendment only protects deprivation of due process by a federal official.  *Hazelton v. City of Grand Prairie*, 8 F. Supp. 2d

570, 578 (N.D. Tex. 1998). Plaintiff has made no claims that a federal official has been involved in any way, and the 5th Amendment does not apply to actions of the municipal government. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Plaintiff can receive no relief under a 5th Amendment claim, which means that he has failed to meet the requisite standard and his proposed amendment is futile. The motion for leave to amend the complaint to add a 5th Amendment claim is denied.

### D. Defendants' Challenge to Addition of Eighth Amendment Claim

Plaintiff seeks to assert a claim of cruel and unusual punishment based on the 8th Amendment as applied to the States through the 14th Amendment. This claim is futile because the 8th Amendment only applies to prisoners. *Morin*, 77 F.3d at 120. If Plaintiff was not incarcerated at the time of the events giving rise to the lawsuit, then the 8th Amendment claim must be dismissed. *Abdeljalil v. City of Fort Worth*, 55 F. Supp. 2d 614, 626 (N.D. Tex. 1999). Plaintiff has failed to allege that he was ever a prisoner. Therefore, Plaintiff's proposed amendment is futile, and the motion for leave to amend the complaint to add the 8th Amendment claim is denied.

### E. Defendants' Challenge to Addition of Fourteenth Amendment Claim

Defendants challenge Plaintiff's Motion to Amend on the grounds that the 14th Amendment does not apply to excessive force claims of pre-trial detainees. There is some dispute in the case law as to exactly when alleged police misconduct is governed by the 4th or 14th Amendment, but case law is clear that the reasonableness standard of the 4th Amendment governs all claims of police misconduct when a seizure has occurred and until Plaintiff becomes

a pre-trial detainee. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Valencia v. Wiggins*, 981 F.2d 1440, 1443–44 (5th Cir. 1993); *Brothers v. Klevenhagen*, 28 F.3d 452, 457 (5th Cir. 1994). The 5th Circuit has repeatedly found that the 4th Amendment is not the correct basis for a constitutional claim "after the incidents of arrest are completed, after the plaintiff has been released from the arresting officer's custody, and after the plaintiff has been in detention awaiting trial for a significant period of time." *Valencia*, 981 F.2d at 1444. Plaintiff alleges a violation of his civil rights after the incidents of arrest were completed, but while he was still in the arresting officer's custody. (Second Am. Comp. ¶¶ 21, 24, 27.) Plaintiff has failed to meet the standards for being a pre-trial detainee described in *Valencia*. He was clearly not within the bounds of the 14th Amendment, and he had not reached the point where his claims would be actionable. If Plaintiff cannot assert that he was a pre-trial detainee, then the claim of excessive force is not governed by the 14th Amendment. Therefore, insofar as Plaintiff seeks to assert a claim for excessive force based on the 14th Amendment, Plaintiff's proposed amendment fails to meet the requisite standard and is futile.

In addition to the 14th Amendment excessive force claim, Plaintiff's complaint asserts a number of other 14th Amendment claims. Defendants have provided no substantial reason to deny leave to assert these claims, and therefore leave will be granted to assert them. As such, the Motion for Leave is GRANTED in PART and DENIED in PART in regards to the 14th Amendment claims.

### F. Defendants' Allegation that State Law Tort Claims are Futile

Defendants raise section 101.106 of the Texas Civil Practice & Remedies Code (hereinafter "section 101.106") to support their theory that the plaintiff has irrevocably chosen to sue the City and now has no recourse against the individual officers, making his claims against the state actors futile. Section 101.106(a) states that:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) (Vernon 2005). In addition, section 101.106(e) provides that:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). In the Court's Order dismissing the intentional tort claims against the City, the Court did not rule on whether those claims were filed under the TTCA. Taking the issue up now, the Court concludes that the claims were not filed under the TTCA, and therefore section 101.106 is inapplicable.

The Court's conclusion is based primarily on section 101.057 of the Texas Civil Practice & Remedies Code, which expressly states that the TTCA "does not apply to a claim . . . arising out of assault, battery . . . or any other intentional tort." Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (hereinafter "section 101.057"). The plain language of this provision explicitly provides that intentional torts are outside the scope of the TTCA, and therefore the Court finds that such torts are not filed under the TTCA for purposes of section 101.106.

Under the prior version of section 101.106, the result may have been different.  Before the statute was amended in 2003, some Texas courts did apply it to intentional torts on the basis of *Newman v. Oberstellar*, 960 S.W.2d 621 (Tex. 1997).  *See, e.g.*, *Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002).  However, the statute was amended in 2003, and the language that formed the basis of the *Newman* decision was removed.  Since then, Texas courts have generally held that section 101.106 does not apply to intentional torts as a result of section 101.057.  *See, e.g.*, *Meroney v. City of Colleyville*, No. 2-05-195-CV, 2006 WL 1452103, at *7 (Tex. App.—Fort Worth May 25, 2006); *Fernandez v. San Antonio Hous. Auth.*, No. 05-CA-106-XR, 2005 WL 2656671, at *9 (W.D. Tex. Oct. 11, 2005); *Meadours v. Ermel*, No. H-04-102, 2005 WL 1923596, at *10 (S.D. Tex. Aug. 10, 2005); *Rogers v. Bonnette*, No. 04-CA-0118-XR, 2005 WL 1593437, at *2 (W.D. Tex. July 5, 2005).

Some cases have applied *Newman* subsequent to the 2003 amendments, but these cases are not persuasive.  *See, e.g.*, *Schauer v. Morgan,* 175 S.W.3d 397, 401–02 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Watson v. Dallas ISD,* 135 S.W.3d 208, 231 (Tex. App.—Waco 2004, no pet.); *Aguilar v. Ramirez*, No. 13-03-00339-CV, 2004 WL 1353723, at *1–3 (Tex. App.—Corpus Christi June 17, 2004); *Coronado v. Milam*, No. 04-04-00081-CV, 2004 WL 1195879, at *1 (Tex. App.—San Antonio June 2, 2004).  The *Schauer, Watson,* and *Aguilar* courts all relied upon the former version of the statute.  The *Coronado* court explicitly recognized that its analysis was limited to the pre-2003 amendment version of section 101.106, and it made no move to analyze the statute's post-amendment effects.  *Coronado*, 2004 WL 1195879, at *1.

The Court takes notice of but declines to follow *Davray, Inc. v. City of Midlothian*, No. 3:04-CV-0539-B, 2005 WL 1586574, at *17 (N.D. Tex. July 6, 2005), which held that section 101.106 applies to intentional tort claims. In support of its decision, the *Davray* court cited *Newman*, *Liu*, and *Coronado*, but these cases are all unpersuasive after the amendment to section 101.106 and the weight of case law that followed. As such, the Court declines to follow the decision in *Davray*.

In short, based on the existing case law and the plain text of the statute, the Court finds that Plaintiff's assertion of intentional tort claims is not futile and should be allowed.

### G. Defendants' Claims that Proposed Amendments are Prejudicial

Defendants City and Bates allege that the proposed amendments are prejudicial because more interrogatories will be necessary. It is within the discretion of the trial court to decide if a motion to amend is prejudicial. *Daves*, 661 F.2d at 1024. This court finds that the motion to amend is timely and will not prejudice Defendants. At this time the Court sees no reason to grant more interrogatories to either party but may do so in the future if it decides that such a measure is necessary.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to File Second Amended Verified Complaint is GRANTED in PART and DENIED in PART. The Motion is GRANTED in regards to Plaintiff's claims based on the 4th Amendment, state law tort claims, and any other unchallenged amendments or changes. The Motion is DENIED in regards to Plaintiff's claims under the 5th and 8th Amendments as well as his 14th Amendment excessive force claim.

**SO ORDERED.**

Signed this 28th day of June 2006.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE